ANDERSON, J.,
Before the court is plaintiff’s request for specific performance of an agreement of sale for the sale of real estate, in particular, the property at 75 Crestmont Street, Cogan Station, Pennsylvania. The parties executed the agreement but defendant then refused to complete the transaction. A trial was held on March 3, 2015. The matter is now ripe for decision and the court enters the following:
FINDINGS OF FACT
1. Defendant is the record owner of the property at 75 Crestmont Street, Cogan Station, Pennsylvania, identified as Lycoming County tax parcel 15-02-609.
2. The property was scheduled to be sold at the tax sale on September 11, 2013, for unpaid real estate taxes.
3. On August 22, 2013, defendant contacted real estate broker Robert Boob and asked him to market the property.
4. Mr. Boob met with defendant on August 23,2013, to discuss the matter and then on August 28, 2013, he listed the property for $165,000. Although the condition of the property (it needed extensive repairs) supported a listing of only $80-90,000, defendant wanted to sell the property for $160-200,000.
5. Mr. Boob contacted the tax claim office and was told the sum of $4,600 was required to stop the tax sale. Mr. Boob advised defendant to attempt to raise the money as avoiding the tax sale was preferable to selling under the *445 restricted circumstances imposed by the imminent tax sale.
6. In the two weeks between the listing and the tax sale, 6 to 8 people looked at the property but no offers were made. Mr. Boob contacted a few people who indicated they would simply wait and buy it at the tax sale.
7. Mr. Boob then contacted Willard Jones, owner of plaintiff company, based on previous contacts he had had with him and his knowledge that the company bought properties, fixed them up and sold them. Mr. Jones looked at the property on September 9, 2013.
8. Mr. Jones submitted, through Mr. Boob, a written offer to buy the property for the sum of $35,000, out of which he agreed to immediately pay $4,600 to the tax office to stop the tax sale. Closing was proposed for October 10, 2013. The agreement noted that the sale was “as is” as there was no time to obtain inspections.
9. Mr. Boob presented the agreement of sale to defendant that same day, and also presented to him a written summary of estimated net proceeds. Because of outstanding inheritance tax and other obligations, defendant would net about $10,000 from the sale.
10. Defendant signed the agreement of sale on September 9, 2013. A copy of the agreement was emailed to defendant’s attorney, who was asked to prepare the deed.
11. On September 10,2013, the day before the tax sale, Mr. Jones paid the $4,600 to the tax office, through the title company. The property was not sold at the tax sale as a result.
*446 12. Defendant’s attorney prepared the deed in anticipation of the closing.
13. Defendant did not respond to his attorney’s efforts to have him sign the deed. Apparently he changed his mind once the property was no longer subject to being sold for taxes. Instead, through his attorney, he threatened Mr. Boob with criminal prosecution for an alleged trespass based on Mr. Boob’s having entered the property when looking for defendant to inquire about why he had not yet signed the deed. Defendant offered to not press charges in exchange for declaring the agreement “null and void.”
14. The closing did not take place and on December 16, 2013, the instant action was commenced.
DISCUSSION
Plaintiff seeks to enforce the agreement of sale. Defendant raises two defenses: first, that he was “tricked” by Mr. Boob; that is, that Mr. Boob told him the agreement provided for a sales price of $135,000 and he would net $110,000, rather than $35,000 and $10,000,[1] and second, that the agreement cannot be enforced as it is unconscionable.
As for the contention that defendant was “tricked” into signing the agreement, the court finds defendant’s supporting testimony not credible. It is clear from the evidence that defendant agreed to sell his property for $35,000 in order to realize some amount from the sale, rather than taking the chance that he would realize nothing *447 from the tax sale.
Defendant’s assertion of unconscionability has two prongs: procedural unconscionability and substantive unconscionability. Procedural unconscionability refers to the process by which the agreement is reached, and here, defendant argues that he was “in dire need of money” and plaintiff took advantage of that fact. Pressure from circumstances does not alone invalidate a transaction, however. Duress is defined as “that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness.” Strickland v. University of Scranton, 700 A.2d 979, 986 (Pa. Super. 1997). Simply being faced with an unpleasant choice does not establish duress in the legal sense. Id. It is clear that any pressure which led defendant to enter the agreement was caused by his failure to pay the taxes on his property and his decision to wait until two weeks before the sale to attempt to sell the property. Plaintiff had nothing to do with defendant’s situation and the court cannot find any procedural unconscionability.
Defendant also argues the agreement of sale is substantively unconscionable based on the disparity between the agreement price of $35,000 and what he contends is the market value of $154,625.[2] First, there was enough evidence of the property’s deficiencies to call into serious question defendant’s estimate of market value. Second, and more importantly, inadequacy of consideration is not grounds for refusing to grant a request *448 for specific performance of an agreement of sale. Stuart v. McChesney, 444 A.2d 659 (Pa. Super. 1982). The objector must show fraud or unfairness in the transaction sufficient to make it inequitable to compel performance. Id. Here, no fraud has been shown and, considering all the circumstances, the court cannot find unfairness. It is not uncommon for a property to be sold for less than fair market value in a “distress” sale. Defendant’s actions led to such a situation.
Accordingly, the court draws the following:
CONCLUSIONS OF LAW
1. The agreement of sale is not unconscionable.
2. Plaintiff is entitled to specific performance of the agreement.
VERDICT
And now, this 5th day of March 2015, for the foregoing reasons, plaintiff’s request for specific performance of the agreement of sale dated September 9, 2013, is hereby granted. Defendant’s attorney shall arrange a closing, to be held within thirty days of this date, in accordance with the terms of the agreement. Defendant is directed to sign the deed which has already been prepared and if he fails to do so, the prothonotary is hereby authorized to sign the deed on his behalf.

. Defendant claimed he could not see the written documents which were presented to him for his signature as he did not have glasses at that time.

. Defendant bases this figure on the assessed value of $123,700, multiplied by a common level ratio of 1.25.